

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00024-CR

DAVID PEEK                                                          APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1428351R

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Peek appeals his third-degree felony conviction and ten-year sentence for stalking.

Appellant was charged in a single indictment with two counts of stalking, each enhanced by a prior stalking conviction. *See* Tex. Penal Code Ann. § 42.072 (West Supp. 2016). The indictment also contained a repeat offender notice. Appellant pled guilty to the second count in exchange for the State's

---

[1]*See* Tex. R. App. P. 47.4.

agreement to waive the first count, the enhancement, and the repeat offender notice, thus reducing the punishment range and maximum confinement and creating a charge-bargain agreement between the State and appellant. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *see also* Tex. Penal Code Ann. §§ 12.42(a), (b) (West Supp. 2016) (increasing punishment for a third-degree felony to a second-degree felony and punishment for a second-degree felony to a first-degree felony if defendant has previously been convicted of a felony); 42.072(b)(1) (elevating stalking from third-degree felony to a second-degree felony if defendant has previously been convicted of an offense under section 42.072 or under the law of another state that contains elements substantially similar to the elements of an offense under section 42.072). After a punishment hearing, the trial court found appellant guilty and assessed his punishment at ten years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, the record demonstrates that appellant was notified of counsel's motion to withdraw, provided a copy of the motion and brief, informed of his right to file a pro se response, and informed of his right to seek discretionary review should this court

2

hold the appeal is frivolous, and concrete measures were taken to facilitate appellant's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court informed appellant that he could file a pro se response, which appellant has done. The State submitted a letter informing this court that it would not be providing briefing but reserved the right to do so if this court found an arguable ground for appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw*. See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005);

---

[2]Although this case involved a plea bargain, because the trial court counseled appellant that he had the right of appeal and because the certification of appellant's right of appeal indicates that he has the right of appeal, we conclude that the trial court gave appellant permission to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d); *Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121, at *1 (Tex. App.—Fort Worth Nov. 14, 2013, no pet.) (mem. op., not designated for publication); *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (mem. op., not designated for publication).

3

*see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016

4